# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| AMANDA KOONTZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:23-CV-62 RLW |
| | ) | |
| MISSOURI DEPARTMENT OF | ) | |
| CORRECTIONS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on self-represented plaintiff Amanda Koontz's application to proceed in the district court without prepaying fees or costs. (ECF No. 2). For the reasons below, the Court will grant the motion and assess an initial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). The Court will also order plaintiff to file an amended complaint within twenty-one (21) days of the date of this Order. The Court will deny plaintiff's motion to appoint counsel at this time. (ECF No. 3).

## 28 U.S.C. § 1915(b)(1)

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20 percent of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20 percent of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C.

§ 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id*.

Plaintiff has not submitted an inmate account statement as required by 28 U.S.C. § 1915(a)(2). Nevertheless, having reviewed the information contained in the motion, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of her inmate account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her inmate account statement to support her claim.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), this Court is required to review all complaints filed in forma pauperis and must dismiss any such complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. *Id*. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d

1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To sufficiently state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff is an inmate at the Women's Eastern Reception Diagnostic and Correctional Center in Vandalia, Missouri. (ECF No. 1). She brings this suit under 42 U.S.C. § 1983 against the Missouri Department of Corrections ("MDOC") and its former healthcare contractor, Corizon. *Id.*

Plaintiff alleges that on September 14, 2023, while working in the prison's laundry facility, a heat press malfunctioned and caused a "2nd and 3rd degree burn" on her right hand. *Id.* Medical staff wrapped plaintiff's hand in a bandage and excused her from work for three days. *Id.* Plaintiff alleges that she was "sent back to work on the same machine" following her excused absence. *Id.* Plaintiff states that she has been unable to see a physician due to the failure of medical staff to submit the necessary paperwork. *Id.* Plaintiff alleges that the burn caused nerve damage to her right hand. *Id.*

Despite earlier warnings from plaintiff that the heat press was improperly secured, officials did not address the problem until after her accident. *Id.* Plaintiff asserts this was not the first time the machine malfunctioned. *Id.* Plaintiff seeks monetary damages and an order from the Court requiring the defendants to provide medical treatment. *Id.*

## Discussion

Liberally construed, the complaint appears to assert that defendants were negligent in maintaining the heat press and deliberately indifferent to plaintiff's injury. Because there are no factual allegations connecting Corizon to the maintenance of the heat press, the Court will assume for this analysis that plaintiff's negligence claim is directed only at MDOC.[1]

The Eleventh Amendment bars suit against a state and state agencies like MDOC for both monetary and injunctive relief. *See Webb v. City of Maplewood*, 889 F.3d 483, 485 (8th Cir. 2018) ("The Eleventh Amendment protects States and their arms and instrumentalities from suit in federal court[.]"); *Texas Cmty. Bank, N.A. v. Missouri Dep't of Soc. Servs., Div. of Med. Servs.*, 232 F.3d 942, 943 (8th Cir. 2000) ("State agencies may assert the Eleventh Amendment immunity of the State.").[2]

There are two "well-established exceptions" to the sovereign immunity provided by the Eleventh Amendment. *Barnes v. State of Missouri*, 960 F.2d 63, 64 (8th Cir. 1992). "The first exception to Eleventh Amendment immunity is where Congress has statutorily abrogated such

---

[1] It does not appear that plaintiff intends to assert a claim of medical malpractice. Nevertheless, the Court notes that medical malpractice is not actionable under the Eighth Amendment. *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 499 (8th Cir. 2008).

[2] While state officials can be sued in their official capacities for prospective injunctive relief, that doctrine does not extend to states or state agencies. *Monroe v. Arkansas State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007) (citations omitted).

4

immunity by clear and unmistakable language." *Id*. The second exception is when a state waives its immunity to suit in federal court. *Id*. at 65.

MDOC is a state agency and there is no indication that either exception to sovereign immunity applies to this case. In additional, MDOC is not a "person" within the meaning of § 1983. *See Alsbrook v. City of Maumelle*, 184 F.3d 999, 1010 (8th Cir. 1999) (en banc). Thus, the complaint does not raise a plausible claim to relief against MDOC.

Plaintiff also fails to state a claim against Corizon. A corporation acting under color of state law will only be held liable under § 1983 for its own unconstitutional policies. *Crumpley-Patterson v. Trinity Lutheran Hosp.*, 388 F.3d 588, 590 (8th Cir. 2004) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978)). The test is whether there is a policy, custom, or action that inflicts an injury actionable under § 1983." *Id.* Here, plaintiff makes no allegations or references that would allow the Court to infer that the alleged misconduct resulted from an unconstitutional policy, custom, or action of Corizon. *See Crumpley-Patterson*, 388 F.3d at 590.

In light of plaintiff's self-represented status, the Court will allow plaintiff to file an amended complaint in compliance with the instructions below. If plaintiff fails to timely comply with the instructions, the Court will dismiss this action without prejudice and without further notice.

### Instructions for Filing Amended Complaint

Plaintiff shall amend her complaint using the Court's "Prisoner Civil Rights Complaint" form. In the "Caption" section of the form, plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, plaintiff may include additional sheets of paper. In any case, plaintiff must clearly list all defendants and indicate whether she intends to sue

each in their individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to her claim(s). Plaintiff should put her case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting her claim against that defendant; and (2) state what constitutional or federal statutory right(s) that defendant violated. Each averment must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If plaintiff is suing more than one defendant, she should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

Plaintiff should only include claims that arise out of the same transaction or occurrence. Put another way, all of plaintiff's claims should related to each other in some way. *See* Fed. R. Civ. P. 20(a)(2). By contrast, if plaintiff is suing only a single defendant, she may set forth as many claims as she has against that individual. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. If plaintiff is suing a defendant in their individual capacity, she is required to allege facts demonstrating that defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If plaintiff is suing multiple defendants, she must establish the responsibility of each defendant for the alleged harm. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated her constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). A conclusory allegation regarding a defendant's

6

supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (citation and internal quotation marks omitted).

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show she suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis.*" *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

Plaintiff is warned that an amended complaint completely replaces the original complaint. As a result, any claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect.").

After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on the Court-provided form within twenty-one (21) days in accordance with the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to plaintiff.

### Motion to Appoint Counsel

Plaintiff has also filed a motion to appoint counsel. (ECF No. 3). A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940,

942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present her claim. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Here, plaintiff has yet to file a complaint that survives initial review. Further, plaintiff has demonstrated up to this point that she can adequately present her claims to the Court. In addition, neither the factual nor the legal issues in this case appear to be complex. The Court may consider future motions for appointment of counsel as the case progresses.

### Conclusion

For the reasons discussed above, the Court will grant plaintiff's application to proceed in the district court without prepaying fees or costs and will give plaintiff twenty-one (21) days to file an amended complaint. The Court will deny plaintiff's motion to appoint counsel at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepaying fees and costs is **GRANTED**. (ECF No. 2).

**IT IS FURTHER ORDERED** that plaintiff must pay an initial partial filing fee of $1.00 within **twenty-one (21) days** of the date of this order. Plaintiff is instructed to make her remittance payable to "Clerk, United States District Court," and to include upon it: (1) her name; (2) her

prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to plaintiff a blank "Prisoner Civil Rights Complaint" form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that by **April 2, 2024**, plaintiff shall file an amended complaint on the Court-provided form in accordance with the Court's instructions.

**IT IS FURTHER ORDERED** that plaintiff's motion to appoint counsel is **DENIED** without prejudice. (ECF No. 3).

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

_Ronnie L. White_
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of March, 2024.